THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2917/3380/0698
    Facsimile: (213) 894-3713
    E-mail: ariel.neuman@usdoj.gov
           justin.rhoades@usdoj.gov
           jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 09-230(B)-SVW |
|---|---|
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> |
| v. | ) <u>GERARD MANUEL VENEGAS PORTILLO</u> |
| RAMON NARCISO MORALES MENDOZA, ET AL., | ) |
| Defendants. | ) |

    1. This constitutes the plea agreement between GERARD MANUEL VENEGAS PORTILLO ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

//
//

PLEA

2. Defendant agrees to plead guilty to count one of the First Superseding Indictment in <u>United States v. Ramon Narciso Mendoza, et al.</u>, CR No. 09-230(A)-SVW. Defendant also gives up the right to indictment by a grand jury and agrees to plead guilty to the single-count information in <u>United States v. Gerard Manuel Venegas Portillo</u>, No. CR 00-230(B)-SVW, in the form attached to this agreement or a substantially similar form.

NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count one of the First Superseding Indictment, which charges a violation of Title 21, United States Code, Section 846, the following must be true:

    a. Beginning on or about a date unknown, there was an agreement between two or more people to commit the crime of distribution of heroin in violation of Title 21, United States Code, Section 841(a)(1); and

    b. Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

4. Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that it was reasonably foreseeable to defendant that the scope of the conspiracy of which defendant was a part involved the distribution of at least one hundred grams of a mixture or substance containing a detectable amount of heroin, a schedule I narcotic controlled substance. Defendant admits that it was reasonably foreseeable to defendant that the scope of the

conspiracy of which defendant was a part did, in fact, involve the distribution of at least one hundred grams of a mixture or substance containing a detectable amount of heroin, as described in count one of the First Superseding Indictment.

5. In order for defendant to be guilty of the crime charged in the single-count information, a violation of Title 8, United States Code, Section 1326(a), the following must be true: (1) the defendant was lawfully deported or removed from the United States; (2) after the defendant's deportation or removal, the defendant voluntarily entered the United States without having obtained the consent to reapply for admission into the United States from the Attorney General or the Secretary of the Department of Homeland Security, or any authorized representative of either official; (3) after the defendant entered the United States, the defendant knew that he was in the United States and knowingly remained; and (4) the defendant was, at the time of the offense, an alien, that is, a person who is not a natural-born or naturalized citizen, or a national, of the United States. Defendant admits that he is in fact guilty of the offense charged in the single-count information.

## PENALTIES

6. The statutory maximum sentence that the Court can impose for the violation of Title 21, United States Code Section 846 charged in count one of the First Superseding Indictment is: 40 years imprisonment, a lifetime period of supervised release, a fine of $2,000,000, and a mandatory special assessment of $100.

7.   Absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and United States Sentencing Guideline § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for the violation of Title 21, United States Code, Section 846 charged in count one of the First Superseding Indictment is: 5 years imprisonment, a 4-year period of supervised release, and a mandatory special assessment of $100.

8.   The statutory maximum sentence that the Court can impose for a violation of Title 8, United States Code, Section 1326(a) is: 2 years imprisonment; a 1-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

9.   Therefore, the total maximum sentence for all offenses to which defendant is pleading guilty is: 42 years imprisonment, a lifetime period of supervised release, a fine of $2,250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest, and a mandatory special assessment of $200.

10.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

12. Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act and will not be eligible for federal food stamp program benefits; furthermore, any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

13. Defendant further understands that the convictions in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

## FACTUAL BASIS

14. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 17 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

1  Beginning on a date unknown and continuing through April 9,
2 2009, defendant knowingly and intentionally conspired to
3 distribute more than 100 grams of heroin. Specifically,
4 defendant agreed to and did receive heroin from individuals
5 associated with the Mendoza family heroin distribution
6 organization, which is based in Mexico. Defendant regularly took
7 delivery of heroin from co-defendant Amelia Mendoza, and others,
8 and then distributed the heroin to others who would sell it to
9 users.
10  Defendant committed the following overt acts in furtherance
11 of the conspiracy: 1) on December 23, 2008, defendant spoke with
12 co-defendant Amelia Mendoza and they agreed that defendant would
13 give a Christmas bonus of extra heroin to unidentified
14 co-conspirators who sold heroin; 2) on January 13, 2009,
15 defendant told co-defendant Amelia Mendoza that a customer was
16 calling defendant and asking to buy heroin; and 3) on January 13,
17 2009, defendant and co-defendant Amelia Mendoza delivered
18 approximately 14.75 grams of heroin to an unindicted
19 co-conspirator, packaged in multi-colored balloons for individual
20 distribution in Los Angeles, California. On March 24, 2009,
21 defendant possessed approximately 7.62 grams of heroin packaged
22 in multicolored balloons at a residence in Lynwood, California.
23  Throughout his participation in the conspiracy, defendant
24 knew that the substance he possessed and sold was heroin.
25 Defendant knew that the conspiracy to distribute heroin included
26 an agreement to distribute more than 100 grams but less than 400
27 grams of heroin.
28

Defendant is a citizen of Mexico, and was at all times relevant to this plea agreement an alien, that is, not a natural-born or naturalized citizen, or national, of the United States.

Defendant was lawfully deported or removed from the United States on or about October 30, 2001 and September 26, 2008. Subsequent to defendant's deportations or removals, defendant knowingly and voluntarily re-entered and thereafter remained in the United States. Defendant did so without the consent of the Attorney General or his designated successor, the Secretary of the Department for Homeland Security, or of any authorized representative of either the Attorney General or that Department, to reapply for admission or to otherwise re-enter and remain in the United States. After defendant re-entered and remained in the United States, immigration authorities found defendant in Los Angeles County, within the Central District of California, on or about March 24, 2009.

## WAIVER OF CONSTITUTIONAL RIGHTS

15. By pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his pleas of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

7

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e) The right to confront and cross-examine witnesses against defendant.

   f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

   g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

  By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

SENTENCING FACTORS

  16. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

17.  Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factor for the offense charged in count one of the First Superseding Indictment:

Base Offense Level        :    26    U.S.S.G. § 2D1.1(c)(7)

Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factor for the offense charged in the single-count information:

Base Offense Level        :    8    U.S.S.G. § 2L1.2(a)

18.  Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant also understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.

19.  The parties agree that:

  a) Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense described in count one of the first superseding indictment;

  b) The offense described in count one of the first superseding indictment did not result in death or serious bodily injury to any person; and

  c) Defendant was not an organizer, leader, manager, or supervisor of others in the offense described in count one of the First Superseding Indictment and was not engaged in a

continuing criminal enterprise.

20. There is no agreement as to defendant's criminal history or criminal history category.

21. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

22. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

23. Defendant agrees that he will:

   a) Plead guilty as set forth in this agreement.

   b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

   c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

   d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are

not within the scope of this agreement.

   e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

   f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

24. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

   a) To abide by all sentencing stipulations contained in this agreement.

   b) At the time of sentencing to move to dismiss the remaining counts of the First Superseding Indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

   c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

move for an additional one-level reduction if available under that section.

      d) To recommend that defendant be sentenced to a term of imprisonment at the low end of the applicable Sentencing Guidelines imprisonment range provided that the total offense level as calculated by the Court is 23 or higher and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines imprisonment range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## BREACH OF AGREEMENT

    25.  If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

    26.  Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

      a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or

action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL

27. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 23, and the applicable criminal history category as determined by the Court. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the conditions of supervised release imposed by the Court, with the exception of the following:

13

conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

28. The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory minimum and maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 23, and the applicable criminal history category as determined by the Court.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

29. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## COURT NOT A PARTY

30. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from

any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

31. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_/s/ Justin Rhoades_      8/6/09
ARIEL A. NEUMAN      Date
JUSTIN RHOADES
JEFF MITCHELL
Assistant United States Attorneys

15

1  I, GERARD MANUEL VENEGAS PORTILLO, have read this agreement
2  and carefully discussed every part of it with my attorney. It
3  has been read to me in Spanish, the language I understand best.
4  I understand the terms of this agreement, and I voluntarily agree
5  to those terms. My attorney has advised me of my rights, of
6  possible defenses, of the sentencing factors set forth in 18
7  U.S.C. § 3553(a), of the relevant Sentencing Guidelines
8  provisions, and of the consequences of entering into this
9  agreement. No promises or inducements have been given to me
10 other than those contained in this agreement. No one has
11 threatened or forced me in any way to enter into this agreement.
12 Finally, I am satisfied with the representation of my attorney in
13 this matter.

15 _GERARD VENEGAS_     8-6-09
   GERARD MANUEL VENEGAS PORTILLO     Date
16 Defendant

18  I, _ESTHER M. HERMIDA_, am fluent in written and spoken
19 English and Spanish languages. I accurately translated this
20 entire agreement from English into Spanish to defendant GERARD
21 MANUEL VENEGAS PORTILLO on this date.
22 _[signature]_     8/6/09
23 Interpreter     Date

26  I am GERARD MANUEL VENEGAS PORTILLO's attorney. I have
27 carefully discussed every part of this agreement with my client.
28 Further, I have fully advised my client of his rights, of

16

possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____   8-6-09
RONALD O. KAYE              Date
Counsel for Defendant
GERARD MANUEL VENEGAS PORTILLO

17

```
                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,     )   CR No. 09-230(B)-SVW
                              )
              Plaintiff,      )   S E C O N D
                              )   S U P E R S E D I N G
         v.                   )   I N F O R M A T I O N
                              )
GERARD MANUEL VENEGAS         )   [8 U.S.C. § 1326(a): Illegal
PORTILLO,                     )   Alien Found in the United States
   aka "Chicali,"             )   Following Deportation]
                              )
              Defendant.      )
_____)
```

The United States Attorney charges:

[8 U.S.C. § 1326(a)]

On or about March 24, 2009, defendant GERARD MANUEL VENEGAS PORTILLO, also known as "Chicali," an alien, was found in Los Angeles County, within the Central District of California, after having been officially deported and removed from the United States on or about October 30, 2001 and September 26, 2008, without having obtained permission from the Attorney General or

///

///

his designated successor, the Secretary of Homeland Security, to reapply for admission to the United States following deportation.

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Violent & Organized Crime Section

DANIEL A. SAUNDERS
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section

JUSTIN R. RHOADES
Assistant United States Attorney
Violent & Organized Crime Section