GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN R. RHOADES (Cal. State Bar No.: 230463)
JEFF P. MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2917/3380/0698
     Facsimile: (213) 894-3713
     E-mail: ariel.neuman@usdoj.gov
             justin.rhoades@usdoj.gov
             jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 09-230(A)-SVW |
|          Plaintiff, | ) GOVERNMENT'S POSITION RE: |
|          v. | ) SENTENCING OF DEFENDANT |
|  | ) GERARDO MANUEL VENEGAS |
| RAMON NARCISO MORALES MENDOZA, | ) PORTILLO |
| ET AL., | ) |
|          Defendants. | ) SENTENCING DATE: **12/14/09** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its sentencing position for defendant Gerardo Manuel Venegas Portillo. The United States respectfully recommends that the Court sentence defendant as follows: 70 months imprisonment to be followed by four years of supervised release. The government's position is based upon the

attached memorandum of points and authorities, the files and records in this case, the Presentence Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

DATED: December 1, 2009          Respectfully submitted,

                                 GEORGE S. CARDONA
                                 Acting United States Attorney

                                 CHRISTINE C. EWELL
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                        /s/
                                 ─────────────────────────────────
                                 JUSTIN R. RHOADES
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On August 17, 2009, defendant Gerardo Manuel Venegas Portillo ("defendant") pled guilty to Count One of the First Superseding Indictment, charging him with conspiracy to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846, and Count One of the Second Superseding Indictment, charging him with being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a).

Pursuant to his plea agreement, defendant admitted that he conspired to receive heroin from individuals associated with the Mendoza family heroin distribution organization, regularly took delivery of such heroin, and then distributed the heroin to others who would sell it to users. Plea Agreement ¶ 14. In addition to using telephones to arrange for deliveries of heroin, on January 13, 2009, defendant and co-defendant Amelia Mendoza delivered approximately 14.75 grams of heroin to an unindicted co-conspirator, and on March 24, 2009, defendant possessed approximately 7.62 grams of heroin packaged in multicolored balloons at a residence in Lynwood, California. Id. Defendant admitted that he knew that the substance he possessed and conspired to possess was heroin, and that he knew that the conspiracy included an agreement to sell more than 100 but less than 400 grams of heroin. Id.

In addition to his heroin-related conduct, defendant admitted that he is a citizen of Mexico, and was lawfully deported or removed from the United States on or about October 30, 2001 and September 26, 2008. Id. Defendant admitted that he

knowingly and voluntarily re-entered and remained in the United States following those deportations, and did so without authorization. Id.

**II.  THE PRESENTENCE REPORT**

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on September 28, 2009. The PSR calculated the total offense level as follows:

| | | | |
|---|---|---|---|
| Base Offense Level (21 U.S.C. § 846) | : | 26 | U.S.S.G. § 2D1.1(c)(7) |
| Base Offense Level (8 U.S.C. § 1326) | : | 8 | U.S.S.G. § 2L1.2 |
| Grouping | : | 26 | U.S.S.G. § 3D1.4 |
| Acceptance of Responsibility | : | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level | : | 23 | |

PSR ¶¶ 28-54. The PSR also calculated a criminal history category of IV based on nine criminal history points. PSR ¶¶ 56-69. The PSR calculated the guideline sentence to be 70-87 months of imprisonment, 4 years to life of supervised release, a mandatory special assessment of $100, and a fine between $10,000 and $100,000. PSR Guideline Summary.

**III. PROBATION OFFICE'S RECOMMENDATION**

The United States Probation Office recommended the following sentence: a 70-month term of imprisonment, a four-year term of supervised release, and a special assessment of $100. USPO Recommendation Letter. The Probation Officer found that defendant does not have the ability to pay a fine. Recommendation Letter at 1.

2

**IV.  THE GOVERNMENT'S RECOMMENDATION**

The United States does not object to the findings set forth in the PSR, and concurs with the Probation Officer's recommended sentence which is equivalent to the low end of the advisory sentencing guideline range applicable to defendant.[1]  Because of defendant's criminal history points, it does not appear that he is eligible for relief pursuant to 18 U.S.C. § 3553(a)(1)(f). Accordingly, and as set forth herein, the United States respectfully recommends that defendant be sentenced to a 70-month term of imprisonment, followed by a 4-year term of supervised release, and a mandatory special assessment of $100.  The recommended sentence addresses the considerations set forth at 18 U.S.C. § 3553(a).

>    1.  <u>The Nature And Circumstances Of The Offense and the History and Characteristics of the Defendant</u>

Section 3553(a)(1) provides that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant.  Defendant conspired to distribute a significant quantity of heroin – he admitted to conspiring to distribute between 100 and 400 grams – as part of an organization that distributed heroin in East Los Angeles for many years.  His participation lasted at least several months and was not a one-time transaction.

---

[1] The United States, thus, hereby moves and requests the Court to grant defendant the additional 1-level reduction, pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on the timely notification of defendant's intention to plead guilty.  U.S.S.G. § 3E1.1(b).

In mitigation, defendant appears to have become involved in the offense based on an addiction to the drug he was selling. While his addiction does not justify the behavior, it shows that he was not a leader or organizer or engaged in the business to reap large sums of money. For these reasons, a sentence at the low end of the advisory guideline range is reasonable.

### 2. The Need For The Sentence Imposed

Section 3553(a)(2) provides that in determining the particular sentence, the Court shall consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. As alleged in the indictment, the instant offense was a long-running conspiracy to distribute heroin in East Los Angeles and beyond. Defendant participated in the offense on an on-going basis, routinely delivering the drug to customers. These facts demonstrate the seriousness of the offense, and the sentence imposed should be crafted to reflect that. Such a sentence would also hopefully act as a deterrent to others, including those, like defendant, who reside in the United States illegally.

The recommended sentence also accounts for defendant's presence in the United States despite the fact that he has been deported on two prior occasions. It appears that defendant has not been deterred by prior deportations and continues to enter and reside in the United States illegally. A sentence above the 60-month statutory mandatory minimum is required to instill in defendant the understanding that he may not return to this country without serious consequences.

4

Finally, a period of 70 months in custody will hopefully allow defendant to free himself from his heroin addiction. This is a recognized goal of Section 3553(a)(2)(D), and is appropriate here as defendant has admitted to a nearly twenty-year heroin habit.

### 3. Need to Avoid Unwarranted Sentence Disparities

Section 3553(a)(6) provides that in determining the particular sentence, the Court shall consider the need to avoid unwarranted sentence disparities. Imposing a 70-month will avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Some of defendant's co-conspirators, with less extensive criminal histories and without convictions for 8 U.S.C. § 1326, have been sentenced to the statutory mandatory minimum of sixty months. Because defendant's criminal history is more lengthy, and because his sentence results from two separate criminal convictions, a higher sentence is warranted. Sentencing defendant to 70 months avoids unwarranted disparities among the other defendants in this case.

## V. CONCLUSION

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 70 months of imprisonment, four years of supervised release on the terms set forth in the PSR, and a special assessment of $100.

5